IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
HANAN H. BOWMAN AND JAMES R.    )
HENCIER,                         )   2:08-cv-00498-GEB-EFB
            Plaintiffs,          )
                                 )
       v.                        )   ORDER*
                                 )
YOLO COUNTY, a public entity;    )
YOLO COUNTY HOUSING AUTHORITY AND)
ITS BOARD OF COMMISSIONERS, a    )
public entity; and DOES 1 through)
100, inclusive,                  )
                                 )
            Defendants.          )
                                 )
```

       Defendant Yolo County Housing Authority ("YCHA") moves to dismiss the first cause of action in Plaintiffs' Complaint in which Plaintiffs allege a claim under California Labor Code section 1102.5 ("Section 1102.5"), arguing this claim should be dismissed "because Plaintiffs have not alleged that they exhausted their administrative remedies before the Labor Commissioner prior to filing suit." (Mot. at 1:26-28.)

---

    *    This motion was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1    Plaintiffs were previously employed by Yolo County and YCHA.
2 Plaintiffs allege they were wrongfully terminated after they disclosed
3 purported illegal activity at the YCHA.  (Compl. ¶¶ 8, 11-12.)
4 Plaintiffs allege this firing was in retaliation for their disclosures
5 and therefore violated Section 1102.5, which prohibits employers from
6 "retaliat[ing] against an employee for disclosing information to a
7 government or law enforcement agency, where the employee has
8 reasonable cause to believe that the information discloses a violation
9 of state or federal statute . . . ."  Cal. Labor Code § 1102.5.
10 Plaintiffs allege they "have exhausted their administrative remedies
11 by filing Tort Claims Act claims against Yolo and YCHA . . . ."  (<u>Id.</u>
12 ¶ 13.)
13    YCHA contends Plaintiffs' allegation of exhaustion is
14 insufficient because "[a] litigant seeking damages under [Section
15 1102.5] must exhaust administrative remedies before the Labor
16 Commissioner prior to bringing suit."  (Mot. at 3:24-27.)  Plaintiffs
17 counter this is not required.  (Opp'n 3:6-11.)
18    Plaintiffs do not allege exhaustion of administrative
19 remedies in their Complaint.  (<u>See</u> Compl. ¶ 13.)  Plaintiffs argue
20 that presenting a California Tort Claims Act claim was sufficient to
21 exhaust their administrative remedies.  (Opp'n at 2:6-3:2.)  But
22 "[t]he presentation of a claim pursuant to the Tort Claims Act is a
23 **separate, additional prerequisite** to commencing an action against the
24 state or a local public entity and is **not a substitute for the**
25 **exhaustion of an administrative remedy**."  <u>Richards v. Dep't of</u>
26 <u>Alcoholic Beverages Control</u>, 139 Cal. App. 4th 304, 315-316 (2006)
27 (holding that presentation of a California Tort Claims Act claim did
28

2

not fulfill the plaintiff's obligation to exhaust administrative remedies) (emphasis added).

"Exhaustion of [applicable] administrative remedies is a jurisdictional prerequisite to resort to the courts." <u>Campbell v. Regents of Univ. of Cal.</u>, 35 Cal. 4th 311, 321 (2005) (quoting <u>Johnson v. City of Loma Linda</u>, 24 Cal. 4th 61, 70 (2000)).  Therefore, Plaintiffs must allege they have "either attempted to exhaust [their] administrative remedies or that [they] should be excused from doing so" before bringing suit for violation of Section 1102.5.  <u>Id.</u> at 333.

Since Plaintiffs fail to allege they have met the exhaustion of administrative remedies requirement, YHCA's motion to dismiss Plaintiffs' Section 1102.5 claim is granted.  Plaintiffs are granted ten days leave from the date on which this order is filed to file an amended Complaint in which the dismissed claim is amended.

IT IS SO ORDERED.

Dated:  April 23, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

3