IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HANAN H. BOWMAN AND JAMES R. HENCIER, | ) ) | 2:08-cv-00498-GEB-EFB |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER[*] |
| YOLO COUNTY, a public entity; YOLO COUNTY HOUSING AUTHORITY AND ITS BOARD OF COMMISSIONERS, a public entity; and DOES 1 through 100, inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant Yolo County Housing Authority ("YCHA") moves to dismiss Plaintiffs' California Labor Code section 1102.5 ("section 1102.5") claim from Plaintiff's First Amended Complaint, arguing Plaintiffs have failed to exhaust applicable administrative remedies.

Plaintiffs, who were previously employed by Yolo County and YCHA, allege in their section 1102.5 claim that they were wrongfully terminated after they disclosed purported illegal activity at the YCHA. (First Am. Compl. ¶¶ 7-11.) Plaintiffs allege they were fired

---

[*] This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

in retaliation for this disclosure in violation of Section 1102.5, which prohibits employers from "retaliat[ing] against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute . . . ." Cal. Labor Code § 1102.5.[2]

YCHA contends Plaintiffs' statutory section 1102.5 claim should be dismissed because "[a] litigant seeking damages under [section 1102.5] must exhaust administrative remedies before the Labor Commissioner prior to bringing suit."  (Mot. at 4:3-4.)  California Labor Code section 98.7 ("section 98.7") provides an administrative remedy before the Labor Commissioner which is available to employees who have been "discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner . . . ."  Cal. Labor Code § 98.7(a).

"[T]o bring a claim under section 1102.5 . . . [P]laintiff[s] must exhaust [their] administrative remedies . . . ." Lund v. Leprino Foods Co., 2007 WL 1775474, at *4 (E.D. Cal. June 20, 2007) (citing Campbell v. Regents of Univ. of Cal., 35 Cal. 4th 311, 329, 333-36 (2005) and Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1180 (E.D. Cal. 2005)).

Plaintiffs argue in their opposition however that they "have exhausted their administrative remedies because there are none or

---

[2]     Plaintiffs also allege claims for violation of their First Amendment rights and for wrongful termination in violation of public policy.  (See First Am. Compl. ¶¶ 19-28.)  YCHA states that the dismissal motion "is directed at Plaintiffs' statutory claim under . . . [section] 1102.5, not at their common law claim for wrongful termination."  (YCHA's Suppl. Br. at 2:10-11 (emphasis in original).)

1 should be excused from doing so because there are none." (Opp'n at

2 2:7.)

3           Plaintiffs argue that the reference to an administrative

4 remedy in "Labor Code 98.7 permissively (not mandatorily) allows a

5 plaintiff/employee to file an administrative claim with the Labor

6 Commissioner using this scheme" because section 98.7(f) "specifically

7 allows for direct access to the court in a civil suit without first

8 exhausting administrative remedies." (Opp'n at 6:4-8.) Section

9 98.7(f) states, "The rights and remedies provided by this section do

10 not preclude an employee from pursuing any other rights and remedies

11 under any other law." Cal. Labor Code § 98.7(f). However, as the

12 court ruled in <u>Gutierrez v. Technologies, Inc.</u> when addressing this

13 argument:

14           it appears that the language in section 98.7(f) to
           the effect that section 98.7 does not preclude

15           employees from pursuing remedies under any other
           law merely restates the general California rule

16           that plaintiffs are not precluded from bringing
           civil actions based on California statutes after

17           they have exhausted available administrative
           remedies. Section 98.7(f) should not be read

18           . . . to allow employees to immediately file civil
           suits based on the provisions of the Labor Code in

19           lieu of first pursuing the provided administrative
           remedies when the substantive Labor Code provision

20           at issue . . . does not explicitly authorize a
           direct civil suit as an alternative to the use of

21           administrative procedures.

22 279 F. Supp. 2d 1223, 1227 (E.D. Cal. 2003). Plaintiffs also argue

23 <u>Smith v. Rae-Venter Law Group</u>, 29 Cal. 4th 345, 350 (2002) and <u>Murphy</u>

24 <u>v. Kenneth Cole Productions, Inc.</u>, 40 Cal. 4th 1094, 1115 (2007) hold

25 that exhaustion of the section 98.7 administrative remedy is optional.

26 However, neither <u>Smith</u> nor <u>Murphy</u> involved section 1102.5.

27           Plaintiffs also argue their Tort Claims Act claims met the

28 exhaustion requirement. (Opp'n at 10:19-28.) However, the filing of

3

a Tort Claims Act claim does not satisfy the purposes of the exhaustion of administrative remedies requirement.  The Tort Claims Act requires only the filing of a claim, and its purposes are to provide the public entity defendant an opportunity to settle the case, investigate the facts, facilitate fiscal planning for potential liabilities, and avoid similarly caused injuries.  Garcia v. Los Angeles Unified Sch. Dist., 173 Cal. App. 3d 701, 712 (1985).  In contrast,

> [t]he exhaustion requirement [] facilitates the development of a complete factual record and allows the [administrative] agency to apply its expertise, both of which can assist later judicial review, if necessary.  [Therefore,] [t]he presentation of a claim pursuant to the Tort Claims Act is a **separate, additional prerequisite** to commencing an action against the state or a local public entity and is **not a substitute for the exhaustion of an administrative remedy.**

Richards v. Dep't of Alcoholic Beverages Control, 139 Cal. App. 4th 304, 315 (2006) (emphasis added).  Thus, Plaintiffs' argument that their claim filed under the Tort Claims Act satisfies the administrative exhaustion requirement is unpersuasive.  Since Plaintiffs have failed to allege facts showing they exhausted applicable administrative remedies, their section 1102.5 claim must be dismissed.

YCHA requests Plaintiffs' statutory section 1102.5 claim be dismissed without leave to amend, since Plaintiffs "admit they did _not_ do anything to exhaust [their administrative remedies] other than file a [Tort Claims Act claim]," and even though Plaintiffs have been given a chance to amend this claim following its dismissal on April 23, 2008, Plaintiffs' section 1102.5 claim "is still defective . . . ."  (Reply at 1:23-27 (emphasis in original).)

1    "[L]eave to amend should be granted unless the court

2  determines that the allegation of other facts consistent with the

3  challenged pleading could not possibly cure the deficiency."

4  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401

5  (9th Cir. 1986).  This determination involves consideration of factors

6  such as "the presence or absence of undue delay, bad faith, dilatory

7  motive, repeated failure to cure deficiencies by previous amendments,

8  undue prejudice to the opposing party and futility of the proposed

9  amendment."  Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th

10 Cir. 1989).  Plaintiffs have been given a chance to cure this

11 deficiency and have failed to do so.  Further, Plaintiffs' opposition

12 indicates that Plaintiffs refuse to cure the deficiency at issue.

13 "Because the deficienc[y] present in [P]laintiff[s'] original

14 complaint w[as] repeated in [P]laintiff[s'] amended complaint, leave

15 to amend a second time shall not be granted."  See Smith v. Scribner,

16 2007 WL 1364968, at *3 (E.D. Cal. May 9, 2007).  Accordingly,

17 Plaintiffs' section 1102.5 claim is dismissed without leave to amend.

18    IT IS SO ORDERED.

19 Dated:  August 1, 2008

20

21  _____
    GARLAND E. BURRELL, JR.
22  United States District Judge

23

24

25

26

27

28